UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

_____

LEONARD CARR,

      Plaintiff,

v.

COULOMB & JOULE RISK MANAGEMENT LLC,
and MCHUGHES ANOKWURU, individually,

      Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEONARD CARR ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, COULOMB & JOULE RISK MANAGEMENT LLC ("Coulomb & Joule"), and MCHUGHES ANOKWURU ("Anokwuru") (Coulomb & Joule and Anokwuru hereinafter collectively referred to as "Defendants"), and states:

## INTRODUCTION

1.    The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2.    To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages.  29 U.S.C. § 206(a).  Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a).  And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3.     Plaintiff was a non-exempt "Confined Space Attendant/Air Monitoring Tech" employed by Defendants.

4.     Throughout the duration of his employment with Defendants, Defendants deprived Plaintiff of proper overtime compensation for the hours that he worked in excess for forty (40) each week.

## JURISDICTION

5.     This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq.*

## PARTIES

6.     At all times material hereto, Plaintiff was a resident within the jurisdiction of the Southern District of New York.

7.     Further, at all times material hereto, Plaintiff was an hourly-paid Confined Space Attendant/Air Monitoring Tech.

8.     At all times material hereto, Defendant, Coulomb & Joule was, and continues to be a Domestic Limited Liability Company, engaged in business in New York.

9.     At all times material hereto, Anokwuru was, and continues to be engaged in business in New York.

10.    At all times material hereto, Anokwuru was, and continues to be an individual resident of New York.

11.    At all times material hereto, Anokwuru was, and continues to be the President and operator of Coulomb & Joule.

12.    At all times material hereto, Anokwuru managed and operated Coulomb & Joule on a day-to-day basis.

13.     At all times material hereto, Anokwuru regularly exercised the authority to hire and fire employees of Coulomb & Joule, including Plaintiff.

14.     At all times material hereto, Anokwuru determined the work schedules for the employees of Coulomb & Joule, including Plaintiff.

15.     At all times material hereto, Anokwuru controlled the finances and operations of Coulomb & Joule.

16.     At all times material hereto, Anokwuru dictated the terms and conditions of Plaintiff's job duties and pay.

17.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18.     At all times material hereto, Coulomb & Joule was, and continues to be, the "employer" within the meaning of FLSA.

19.     At all times material hereto, Anokwuru was, and continues to be, the "employer" within the meaning of FLSA.

20.     At all times material hereto, Defendants jointly employed Plaintiff.

21.     At all times material hereto, Defendants were, and continue to be, and enterprise engaged in commerce.

22.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23.     Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000 per annum for all relevant time periods.

24.     At all times material hereto, Defendants had more than two employees handling, or otherwise working with tools, materials, equipment and goods that previously had moved in interstate commerce.

25.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

26.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

27.     At all times Plaintiff was subject to the coverage of the FLSA because he was employed in a construction management firm specializing in site safety, environmental, staff augmentation and project management, and his duties directly impacted the lanes of commerce.

28.     At all times Plaintiff's employment was subject to the coverage of the NYLL.

29.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

30.     Coulomb & Joule is a company that provides construction management services to private sector clients and contractors.

31.     In or about March 3, 2021, Defendants hired Plaintiff to work as a Confined Space Attendant / Air Monitoring Tech.

32.     Plaintiff and Defendants entered into a contract under which Defendants agreed to pay Plaintiff $40.00 per hour for all non-overtime hours worked, and $60.00 per hour for all hours worked in excess of 40 each workweek.  *See* Employment Agreement, attached as **EXHIBIT A**, ¶¶ 2(a) and (b).

33.     Notwithstanding Plaintiff's agreed rate(s) of pay, Defendants failed to pay

Plaintiff $40.00 per hour for all non-overtime hours worked and failed to pay Plaintiff $60.00 for all overtime hours worked.

34.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

35.     From at least March 2021 through June 2021, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

36.     From at least March 2021 through June 2021, Defendants failed to compensate Plaintiff at a rate of $40.00 per hour for all non-overtime hours worked.

37.     From at least March 2021 through June 2021, Defendants failed to compensate Plaintiff at a rate of $60.00 per hour for all overtime hours worked.

38.     Plaintiff should be compensated at the rate of $40.00 for all non-overtime hours worked.

39.     Plaintiff should be compensated at the rate of $60.00 for all overtime hours worked.

40.     Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA and NYLL.

41.     Defendants have violated Title 29 U.S.C. §§ 206 and 207, NYLL, and breached the parties Employment Agreement from at least March 2021 through June 2021, in that:

    a.     Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks during the period of employment with Defendants.

    b.     No payments, and/or provisions for payment, have been made by

Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL;

c.  Defendants failed to pay Plaintiff $40.00 per hour for all non-overtime hours worked as required by the Parties' contract;

d.  Defendants failed to pay Plaintiff $60.00 per hour for all overtime hours worked;

e.  Defendants failed to comply with the paystub requirements of the NYLL;

f.  Defendants failed to maintain proper time records as mandated by the FLSA and NYLL.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

42.  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

43.  From at least March 2021 and through June 2021, Plaintiff worked in excess of the forty (40) hours in most, if not all, work weeks, for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay. For example, in each workweek in April 2021, Plaintiff worked in excess of 40 hours per week, but was not compensated at the statutory rate of one and one-half times his regular rate of pay in any such workweek.

44.  Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a work week.

45.  At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46.  Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

47.     Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

49.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50.     As such, Defendants have failed to properly pay Plaintiff proper overtime wages at time and a half his regular rate of pay for such hours.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE NYLL**

51.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1–41.

52.     At all relevant times, Plaintiff was an employee and Defendants have been an employer within the meaning of the NYLL.

53.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

54.     Defendants have failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

55.     By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL, Article 19, §§ 650 et seq., and the

supporting New York State Department of Labor Regulations, including but not limited to, the regulations in N.Y. Comp. Code R. & Regs., tit. 12 § 142.

56.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### COUNT III
### BREACH OF CONTRACT

57.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1–41.

58.     Defendants hired Plaintiff as a Confined Space Attendant / Air Monitoring Technician pursuant to the parties' Employment Agreement and agreed that Defendants would pay Plaintiff $40.00 per hour for all non-overtime hours worked.  *See* **EXHIBIT A**.

59.     Defendants hired Plaintiff as a Confined Space Attendant / Air Monitoring Technician pursuant to the parties' Employment Agreement and agreed that Defendants would pay Plaintiff $60.00 per hour for all overtime hours worked.

60.     Defendants breached its Employment Agreement with Plaintiff because it failed to pay him $40.00 per hour for all non-overtime hours worked and failed to pay him $60.00 for all overtime hours worked.

61.     Plaintiff demands judgment in an amount equal to the amounts due and owing under the Employment Agreement for all hours and all overtime hours worked, and any other damages due under law.

### COUNT IV
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (BROUGHT ON BEHALF OF PLAINTIFF)

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Defendants failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

64.     Specifically, Defendants failed to provide an accurate number of hours worked by Plaintiff because Defendants failed to list the time Plaintiff worked or his regular rate of pay.

65.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

66.     As a result of Defendants' failure to provide Plaintiff with accurate wage statements, Plaintiff has suffered mental distress and anguish, because he has been unable to ascertain amounts due to him under the NYLL versus those paid and has been left to question how much money he has been underpaid.

67.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, prays for the following relief:

A.     Awarding Plaintiff unpaid straight time wages due under the NYLL, FLSA and Employment Agreement;

B.     Awarding Plaintiff unpaid overtime under the NYLL, FLSA and the Employment Agreement;

C.     Awarding Plaintiff 100 % liquidated damages;

D.     Awarding Plaintiff statutory penalties due to Defendants' failure to provide accurate wage statements in violation of the NYLL;

E.      Awarding Plaintiff Pre-judgment interest;

F.      Awarding Plaintiff reasonable attorneys' fees and costs and expenses of this litigation, pursuant to 29 U.S.C. §216(b), the NYLL, FLSA and Employment Agreement;

G.      Ordering any other relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED:  December 29, 2022.                    Respectfully submitted,

*<u>/s/ Andrew R. Frisch</u>*
ANDREW R. FRISCH, ESQ.
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS;
F: (954) 327-3013
E-mail: afrisch@forthepeople.com
*Attorney for Plaintiff*